### AHERN v. VACUNA SALES CO.

(Supreme Court, Appellate Term, First Department. April 10, 1913.)

BROKERS (§ 86*)—RIGHT TO COMPENSATION—EVIDENCE—SUFFICIENCY.

In an action for broker's compensation, evidence *held* insufficient to show that plaintiff rendered services to defendant in selling machines at defendant's request.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 116–120; Dec. Dig. § 86.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Edward P. Ahern against the Vacuna Sales Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued March term, 1913, before LEHMAN, GERARD, and DELANY, JJ.

Charles Robert Coulter, of New York City, for appellant.
John F. Harrington, of New York City, for respondent.

LEHMAN, J. The plaintiff sued for the sum of $25, the agreed price for work, labor, and services rendered to defendant on or about May 1, 1912, in procuring the sale of certain machines manufactured by defendant. At the trial the plaintiff testified that on or about May 1, 1912, he was informed by defendant's sales manager that he would be paid $30 for every machine that he sold; that thereafter he saw certain officers of the John J. Hearn Construction Company, and interested them in defendant's machines, and as a result they bought five of the machines; that thereafter the sales manager informed him that these machines were sold at a discount, and that the defendant could pay only $5 per machine, or $25 in all, as commissions. Defendant has never paid this amount.

To meet this proof, the defendant's salesman denies that he ever employed the plaintiff as broker, and also introduced in evidence a written contract, signed by the John J. Hearn Construction Company on January 3, 1912, or five months before the plaintiff claims to have been employed as broker. He concedes that after May 1st he never called this contract to plaintiff's attention. The plaintiff then called an officer of the Construction Company, who testified that the contract of January 3d was the written contract of an oral sale made on December 19th as a result of plaintiff's efforts, and that the machines were thereafter delivered pursuant to the contract. At the close of

---

the evidence the trial justice permitted the complaint to be amended over defendant's claim of surprise, so that it set forth the date when the services were rendered as "on or about the 15th day of December, 1911," and then gave judgment for the plaintiff.

In my opinion this judgment is erroneous. The plaintiff must, in order to recover, show two facts: (1) That he rendered services to the defendant in selling machines; (2) that these services were render-ed at defendant's request. The plaintiff has testified several times that he was employed on or about May 1st and rendered services thereafter, and then proved that no services could have been rendered thereafter, because on January 3d, or five months earlier, the defendant already had a contract in writing pursuant to which the machines were delivered. There can, therefore, be no recovery based upon services rendered after May 1st, because the sale had been consummated before that date; nor upon this record can there be any recovery for services rendered in procuring the contract of January 3d, because there is absolutely no proof of employment to render those services. In fact, it appears that at that time plaintiff was actually in the employ of another concern.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.